UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FARIBA HEIDARI,<br><br>    Plaintiff,<br>v.<br><br>DOG EAR PUBLISHING LLC, ALAN HARRIS, MILES NELSON, RAYMOND ROBINSON, AND RICHARD SELLERS,<br><br>    Defendants. | Case No.: 5:12-cv-00558-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**<br><br>**(Re: Docket Nos. 26, 42)** |

Pro se Plaintiff Fariba Heidari ("Heidari") brings this suit against Defendants Dog Ear Publishing LLC ("Dog Ear"), Alan Harris ("Harris"), Miles Nelson ("Nelson"), and Raymond Robinson ("Robinson") (collectively "Defendants"). On February 3, 2012, Heidari filed her Complaint against Defendants seeking damages for copyright infringement.[1] On March 30, 2012, Defendants moved to dismiss Heidari's complaint on the grounds that her copyright claims are time-barred.[2] On April 10, 2012, Heidari filed an opposition,[3] and on April 18, 2012, the

---

[1] *See* Docket No. 1 (Compl.).

[2] *See* Docket No. 26 (Defs.' Mot. to Dismiss).

[3] *See* Docket No. 31 (Pl.'s Opp'n to Mot. to Dismiss).

1

Case No.: 5:12-cv-00558-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**

Defendants filed a reply.[4] On May 22, 2012, the parties appeared for hearing. For the reasons explained below, Defendants' motion is GRANTED.

## I.   BACKGROUND

In July 2008, Heidari wrote a book titled "Iran: I survived you all."[5] On July 8, 2008, Plaintiff's book was registered with the Copyright Office.[6] Heidari subsequently hired Richard Sellers ("Sellers") to act as her book representative and marketing specialist.[7] Heidari and Sellers entered into a one-page contract.[8] On September 3, 2008, Sellers recommended that Heidari retain Dog Ear to publish her book.[9] Heidari participated in a call with Sellers and Defendants, and on September 26, 2008, Heidari entered into a contract with Dog Ear.[10]

Heidari was excluded from pertinent conversations amongst Defendants Nelson, Harris, Robinson, and Sellers.[11] On January 22, 2009, Sellers informed Heidari that her book was selling on Amazon.[12] That same month, Heidari found her book listed for sale on eBay.[13] On February 1, 2009, Heidari "found out that a good portion of the book was accessible on the www.books.google.com."[14] Sellers claimed that he "had nothing to do with it." Sellers also told Heidari that "it was a clear case of copyright violation and suggested that Heidari file a lawsuit

---

[4] *See* Docket No. 34 (Defs.' Reply Mot.).

[5] *See* Docket No. 1 (Compl.) ¶ 1.

[6] *See id.* ¶ 3.

[7] *See id.* ¶ 5.

[8] *See id.*

[9] *See id.* ¶ 6.

[10] *See id.* ¶¶ 8, 9.

[11] *See id.* ¶ 14.

[12] *See id.* ¶ 16.

[13] *See id.* ¶ 17.

[14] *Id.* ¶ 19.

2
Case No.: 5:12-cv-00558-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**

against Google."[15] After contacting Dog Ear, Heidari was informed that listing part of the book on Google was authorized by her contract. On February 3, 2009, Heidari claims that Sellers "separated" himself from the book.[16]

On February 3, 2012, Heidari filed this lawsuit.[17]

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[19] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[21]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[22] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[23] However, the Court need not accept as true

---

[15] *See id.*

[16] *See id.* ¶¶ 21, 22.

[17] *See* Docket No. 1 (Compl.).

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[21] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[22] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[23] *See id.* at 1061.

3

Case No.: 5:12-cv-00558-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**

allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[24] Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[25] The court "has an obligation to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt."[26] "However, even pro se pleadings must allege facts sufficient to allow a reviewing court to determine whether a claim has been stated."[27] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[28]

### III.   DISCUSSION

As a threshold matter, the court must determine whether Heidari's copyright claim is barred by the statute of limitations. The court must do so without straying outside the four corners of Heidari's complaint.[29] Defendants argue that Heidari's copyright claim is barred by the three-year statute of limitations that is generally applicable to all copyright claims. Heidari responds that she first learned of the copyright claim within the statute of limitations' three-year window.

Section 507(b) of Title 17 sets forth the following restriction regarding civil actions for copyright infringement: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such

---

[24] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[25] *Silva-Pearson v. BAC Home Loans Servicing, LP*, No. C 11-1491 SI, 2011 WL 2633406, at *2 (N.D. Cal. July 6, 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[26] *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

[27] *Silva-Pearson*, 2011 WL 2633406, at *2 (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

[28] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[29] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss.") (citations omitted).

knowledge."[30] "In copyright litigation, the statute of limitations issue that often arises is that the plaintiff filed its copyright claim more than three years after it discovered or should have discovered infringement."[31] The Copyright Act "does not provide for a waiver of infringing acts within the limitation period if earlier infringements were discovered and not sued upon, nor does it provide for any reach back if an act of infringement occurs within the statutory period."[32] However, "[i]n a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit."[33]

Heidari's complaint alleges that from September 26, 2008, until February 1, 2009, Heidari "was pressured to make changes to the book," and that Heidari "did not approve of these changes."[34] On January 7, 2009, Heidari "desperately tried to argue and stop [Dog Ear from releasing] the press release of the book."[35] On January 8, 2009, Defendants decided to release a section of her book "out in the open," and that it was then Heidari felt that "she had no say on the matter and was forced to except [*sic*] the plans of defendants."[36]

On January 22, 2009, Sellers told Heidari that her book was selling on Amazon.[37] In January 2009 Heidari discovered that her book was selling on eBay.[38] On February 1, 2009, Heidari discovered that a portion of her book was available free of charge on Google Books.[39]

---

[30] *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir.1994).

[31] *Polar Bear Productions., Inc. v. Timex Corp.*, 384 F.3d 700, 705-06 (9th Cir. 2004).

[32] *Roley*, 19 F.3d at 481 (quotation omitted).

[33] *Id.*

[34] Docket No. 1 (Compl.) ¶ 11.

[35] *Id.* ¶ 12.

[36] *Id.* ¶ 15.

[37] *See id.* ¶ 16.

[38] *See id.* ¶ 17.

[39] *See id.* ¶ 19.

5
Case No.: 5:12-cv-00558-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**

Heidari then asked Sellers why her book was available on Google without her permission.[40] In response, Sellers told her it was a "clear case of copyright violation and suggested to file [*sic*] a lawsuit against Google."[41]

Heidari also contacted Dog Ear with the same complaint.[42] After contacting Dog Ear, Heidari was told by Robinson that it was permissible for Dog Ear to upload a portion of Heidari's book on Google because it was permitted in the agreement between Sellers and Dog Ear.[43] This was when she first learned of a contract between Sellers and Dog Ear.[44]

In light of the forgoing, it is clear that a reasonable person in Heidari's position was put on notice more than three years before February 3, 2012 of the copyright violation for which Heidari now seeks relief. According to Heidari's own complaint, well before February 3, 2009, she was pressured to make changes to her book, and those changes were made to her book by Defendants without Heidari's consent. On January 7, 2009, Defendants issued a press release regarding Heidari's book without her consent. On January 22, 2009, Sellers told Heidari that her book was for sale on Amazon, and sometime in January 2009 Heidari found her book listed for sale on eBay. Heidari had not consented to either listing. On February 1, 2009, Heidari discovered that a portion of her book was freely available on Google Books without her consent. When Heidari confronted Sellers, Sellers told her specifically that she may have a claim for copyright infringement, once again, before February 3, 2009.[45] While it is true that Sellers did not tell Heidari specifically that she had a claim against him or Dog Ear for copyright infringement, Heidari was nevertheless put

---

[40] *See id.*

[41] *Id.*

[42] *See id.* ¶ 20.

[43] *See id.* ¶ 21.

[44] *See id.*

[45] The court notes that while Heidari's complaint fails to give a precise date for this exchange, the only reasonable conclusion to draw from the complaint is that it occurred before February 3, 2009. *See* Docket No. 1 (Compl.) ¶ 19. Heidari did not dispute this conclusion in either her papers or at the hearing on the pending motion.

6

Case No.: 5:12-cv-00558-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**

on notice of the facts giving rise to her present claim.[46] This is especially true because Heidari discovered a side agreement between Sellers and Dog Ear before February 3, 2009.[47] In short, Heidari was chargeable before February 3, 2009, with a duty to investigate, and her filing of this complaint over three years later is time-barred.

### IV. CONCLUSION

Defendants' motion to dismiss Heidari's complaint is GRANTED. Because it is not clear that Heidari's complaint could not be saved by amendment, this dismissal is with leave to amend.[48] Any amendment shall be filed no later than June 22, 2012.

**IT IS SO ORDERED.**

Dated: June 1, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[46] *See Polar Bear Productions*, 384 F.3d at 705-06 ("Section 507(b) of the Copyright Act provides that copyright claims must be commenced within three years after the claim accrued. . . . § 507(b) permits damages occurring outside of the three-year window, so long as the copyright owner did not discover—and reasonably could not have discovered—the infringement before the commencement of the three-year limitation period."); *see also Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) (finding that date of discovery is an issue of fact, and the district court's determination will be upheld unless it is clearly erroneous).

[47] Again, the court notes that while Heidari's complaint fails to give a precise date for this exchange, the only reasonable conclusion to draw from the complaint is that it occurred before February 3, 2009. *See* Docket No. 1 (Compl.) ¶ 21. Once again, in both her papers and oral argument at the hearing, Heidari did not dispute this conclusion.

[48] On May 29, 2012, Heidari filed a motion for leave to amend her complaint. *See* Docket No. 42 (Pl.'s Mot. for Leave to Am. Compl.). In light of this order allowing Heidari to amend her complaint, the court finds that Heidari's motion is moot.

7
Case No.: 5:12-cv-00558-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO AMEND AS MOOT**